**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SANDRA BAKER, )<br>)<br>Plaintiff, )<br>)<br>v.                                                                )<br>)<br>VELOCITY EXPRESS INC., )<br>)<br>Defendant. ) | Case No. CIV-08-417-M |

## ORDER

Before the Court is "Defendant Velocity Express, Inc.'s Motion to Dismiss and Brief in Support" [docket no. 5], filed May 14, 2008. On June 2, 2008, plaintiff filed her response. Based upon the parties' submissions, the Court makes its determination.

I.    Background

In her Complaint, plaintiff alleges she was a contract worker for defendant from September 2005 until February 2008. Plaintiff brings this action pursuant to Okla. Stat. tit. 40, § 165.3 for an alleged failure of defendant to pay "wages due and owing...." Complaint, ¶ 6. Plaintiff further alleges that defendant took certain deductions from her pay "which Defendant was never entitled to take." Complaint, ¶ 17. Among other deductions, plaintiff asserts that she received a $957.84 deduction from her pay for an unneeded scanner, and later, $699.96 was deducted for the same unneeded scanner. Complaint, ¶ 18-19. Because the deductions were unauthorized, it is contended that "Defendant defrauded plaintiff out of part of her pay." Complaint, ¶ 25. Defendant now moves to dismiss the Complaint for failure to state a claim upon which relief can be based.

II.   Standard for Dismissal

"[A] complaint should not be dismissed for failure to state a claim unless it appears...plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atl. Corp.*

*v. Twombly*, 127 S. Ct. 1955, 1968 (2007). The relevant inquiry is whether the complaint contains enough facts to state a claim to relief that is plausible on its face. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The issue in reviewing the sufficiency of plaintiff's complaint is not whether she will prevail, but whether she is entitled to offer evidence to support her claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court must assume as true all well pleaded facts in plaintiff's complaint and view them in a light most favorable to plaintiff. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Sutton v. Utah State Sch. For the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). However, the Court need not accept as true plaintiff's conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

III.    Discussion

In her Complaint, plaintiff alleges that she was a contract worker for defendant, and was both underpaid and unpaid by defendant. As a result of these alleged failures to pay, plaintiff asserts in her Complaint that she is entitled to damages pursuant to Okla. Stat. tit. 40, § 165.3, part of Oklahoma's Protection of Labor Act. However, in plaintiff's response to defendant's motion to dismiss, she "concedes and confesses she is not entitled to a penalty claim under 40 O.S.§165.3 for failure of Velocity to pay wages". The Court, therefore, grants the motion to dismiss as to the claim for damages pursuant to Okla. Stat. tit. 40, § 165.3.

The next issue for the Court's determination is whether plaintiff has properly stated a claim for fraud. The elements of actionable fraud in Oklahoma are: 1) the defendant made a material representation that was false, 2) the defendant knew the representation was false when it was made, 3) the defendant made the representation with the intention that it would be acted upon by the plaintiff, and 4) that the plaintiff acted in reliance upon the representation, and thereby suffered

detriment. *Stehm v. Nordam Group, Inc.*, 170 P.3d 546, 549 (Okla. Civ. App. 2007) (internal citation omitted). Furthermore, Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting fraud be stated with particularity. Having reviewed the Complaint, the Court finds that plaintiff has failed to plead all of the elements constituting fraud. Specifically, the Court finds plaintiff has not pled that: defendant made a false representation; defendant knew of the falsity of its representation; defendant intended that the representation would be acted upon by plaintiff; and plaintiff actually relied upon defendant's representation. Accordingly, the Court grants the motion to dismiss as to fraud.

Finally, plaintiff has requested leave to amend her Complaint in the event the Court finds that fraud is not pled with the requisite specificity. Federal Rule of Civil Procedure 15(a)(2) allows a plaintiff to amend a pleading where justice so requires. Furthermore, the failure to plead fraud with particularity may be cured by a "motion to supply the necessary particulars that would support the allegations of fraud." *A-Plus Janitorial & Carpet Cleaning v. Employers' Workers' Comp. Ass'n*, 936 P.2d 916, 931 (Okla. 1997). In light of the authorities, the Court grants plaintiff leave to amend her claim for fraud. Plaintiff shall amend her Complaint as to the foregoing within fifteen days of the date of this Order.

IV.    Conclusion

For the reasons set forth in detail above, the Court hereby GRANTS the motion to dismiss. Furthermore, the Court GRANTS plaintiff leave to amend her claim for fraud within fifteen days of this Order.

**IT IS SO ORDERED this 16th day of September, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE